**SIGNED this 22nd day of October, 2008.**

_____
**FRANK R. MONROE**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | X | |
| PRIVADA, INC. | X | CASE NO. 07-10940 FRM |
| f/k/a NETCO INVESTMENTS, INC. | X | |
| | X | CHAPTER 7 |
| ALLEGED DEBTOR | X | |
| | X | INVOLUNTARY PROCEEDING |

MEMORANDUM
OF SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court held a hearing on August 7, 2007 on the Motion of Creditors AJW Partners, LLC,

New Millenium Capital Partners II, LLC, AJW Offshore, Ltd., and AJW Qualified Partners, LLC

to Dismiss this Bankruptcy Case ("Motion to Dismiss").    Movants sought dismissal  pursuant to

11 U.S.C. §305 and, in the alternative 11 U.S.C. §707(a), of the Bankruptcy Code as a bad faith

filing by petitioning creditors, Keith Maydak, Malgorzata Duszak and Rodrigo Calderon Araya, (the

"Petitioners").  Movants argued that the Petitioners signed the involuntary petition in bad faith to

1

disrupt an interpleader action that was pending and had been pending in the United States District Court for the Eastern District of New York since August of 2006.  Movants urge that dismissal is in the best interests of all creditors and that the Alleged Debtor would be better served by such dismissal pursuant to 11 U.S.C. §305(a) or alternatively, that the Court pursuant to 11 U.S.C. §707(a) should dismiss the case "for cause" being a bad faith filing by the Petitioners.

The involuntary case was filed to disrupt the New York lawsuit which had as one of its core issues who owned or controlled the Alleged Debtor.  Madison Stock Transfer commenced the interpleader action in the United States District Court of New York against an individual "Marco Chavarria" who claimed ownership of the stock of the Alleged Debtor pursuant to a cognovit note signed by Mr. Araya, one of the Petitioners and allegedly a  former President of the Alleged Debtor. Movants, on the other hand, hold convertible debentures and desired to convert some of the debt it was owed to equity in the Alleged Debtor and alleged they were also entitled to certain other stock. Movants alleged in that suit that Keith Maydak, another Petitioner, is actually the alter ego of Mr. Chavarria, who has caused the filing of this involuntary to prevent the New York litigation from proceeding especially since many of the rulings had been adverse to Mr. Chavarria.

At the hearing on the Motion to Dismiss, Counsel for Movants provided documentary evidence verifying the pending litigation in New York as well as additional evidence with respect to Petitioners' bad faith in filing this involuntary petition and lack of their credibility.   The Petitioners were not in attendance at the hearing.   Further, Petitioners' counsel presented no documents or other evidence of any kind.   Petitioners' counsel offered no response other than hearsay statements and  legal argument to the effect he did not believe dismissal was in the best interest of the creditors and the Alleged Debtor, and that he did not believe Movants could request

2

a dismissal for bad faith under §707(a) of the Bankruptcy Code in light of the recent amendments to the Code in 2005.

Petitioners' counsel also acknowledged that Maydak, Duszak and Araya were then currently out of the country:  Mrs. Duszak in Poland, Mr. Maydak in Central America en route to Poland (but unable to come to the United States due to his criminal record) and Mr. Araya in Costa Rica.  He claimed that the three Petitioners were all owed money by the Alleged Debtor and had filed proofs of claim. However, he could not explain exactly what type of business the Alleged Debtor had conducted or how it operated, or anything about its assets or its liabilities.  Counsel could only suggest that Mr. Araya would disclose that the Alleged Debtor was basically a shell corporation designed to perpetrate a stock fraud.  Counsel also verified that Mr. Chavarria was maintaining he was entitled to control the Alleged Debtor based on the cognovit note.

The Court found that Petitioners were not in attendance at the hearing and had not come forward with any evidence whatsoever to rebut Movants' position or to support their involuntary petition.  Because of that, the Court concluded that the filing was a litigation tactic in a continuing attempt to gain control of the Alleged Debtor.  Based on that, the Court dismissed the involuntary petition.

The Petitioners appealed.  On September 22, 2008, United States District Judge Lee Yeakel entered an Order vacating the Order Dismissing Case entered on August 15, 2007 and remanded to this Court for additional findings of facts and conclusions of law supporting its dismissal decision because neither this Court's oral findings of facts and conclusions of law nor the written Order Dismissing Case identified with sufficient specificity  the statute or statutes upon which the Court relied  in making its determination.

3

Findings of Fact

The Court incorporates herein "The Facts" set out in Movants' Motion to Dismss as this Court's Findings of Facts in this case as none were  disputed or controverted by Petitioners at the hearing.  Likewise, none of the Exhibits introduced by Movants were disputed..

 Petitioners filed the bankruptcy petition in this Chapter 7 involuntary case on May 29, 2007.  Frederick Banks filed a Notice of Joinder to the petition on June 11, 2007.   The Petitioners signed the petition to disrupt an interpleader action that was pending and had been pending in the United States District Court for the Eastern District of New York since August 2006.  The facts show that Keith Maydak is a convicted conman and professional plaintiff who has most likely litigated the action in New York  under the assumed name of "Marco Chavarria".  Malgorazata Duszak is Keith Maydak's wife and is pursuing litigation on his behalf in another lawsuit and Rodrigo Calderon Araya is a supporter of Maydak and "Marco Chavarria" and allegedly the former President of the Alleged Debtor.  Another creditor, Mr. Banks, who joined in this petition, is also a convicted conman and professional plaintiff.

The action in New York has gone badly for Maydak.  He lost a motion for sanctions and a motion to disqualify plaintiff's counsel in that suit.  He unsuccessfully opposed the Movants' motion to intervene in the New York suit. Movants submitted evidence to the New York court that Chavarria is really Maydak or an alter ego for Maydak in his attempt to take control of the Alleged Debtor.  Maydak/Chavarria did not participate by telephone in a scheduling conference assigned before the magistrate judge in New York as he was ordered to do.  The magistrate judge determined that "Chavarria" also failed to submit satisfactory evidence, as ordered, that he is a Costa Rican resident.

4

Petitioner, Rodrigo Calderon Araya has filed no less than five declarations supporting the motions filed by Maydak/Chavarria in the New York litigation and filed a motion on May 14, 2007 to intervene in that litigation.  Creditors opposed that motion and Mr. Araya failed to respond.

Maydak, his wife Duszak, and Calderon Araya have brought this case to frustrate and disrupt the New York litigation where Movants have shown that Maydak is "Chavarria," and that he is fraudulently attempting to take control of the Alleged  Debtor.

The litigation in New York has been pending since 2006.  It can resolve the ownership and control issues of the Alleged Debtor.  Judicial economy and efficiency is well served by allowing the litigation in New York to continue as the judge in New York  is well indoctrinated with the facts of this case.   There is definite economic prejudice to the Movants to be here in Austin from New York.  Further, none of the Petitioners even came to the hearing in Austin.  If they all reside out of the country, it is just as easy for them to fly to New York as to Austin, Texas.

Conclusions of Law

<u>Dismissal under §305(a) of the Bankruptcy Code</u>

A non-petitioning creditor may move for §305 dismissal.  *See, Jr. Food Mart of Arkansas,* 234 B.R. 420, 421-22 (Bankr. E.D. Ark. 1999), *See also In re Marketxt Holdings Corp.,* 347 B.R. 156, 160 n. 4 (S.D.N.Y. 2006).  Section 305 of the Bankruptcy Code, provides:

> (a) The court, after notice and a hearing, may dismiss a case under this title or may suspend all proceedings in a case under this title, at any time if----
>
> > (1) the interests of the creditors and the debtor would be better served by such dismissal or suspension.

11 U.S.C. §305.

Courts may "consider a wide variety of factors relevant to the facts of the particular case in

5

determining whether to abstain under §305." *In re Spade,* 258 B.R. 221, 231 (Bankr. D. Colo. 2001). *See also In re Int'l Zinc Coatings & Chemical Corp.,* 355 B.R. 76, 82 (Bankr. N.D. Ill. 2006)("In making this fact-sensitive determination, courts consider a wide range of factors."). Abstention is appropriate "in a case in which an attempt is made to circumvent the Bankruptcy Code by doing indirectly what cannot be done directly, such as . . . the use of a [bankruptcy] case purely as a litigation strategy." *In re First Financial Enterprises, Inc.,* 99 B.R. 751, 754 (Bankr. W.D. Tex 1989). "In considering dismissal under §305, it is appropriate to consider the motivation of the parties seeking the jurisdiction of the bankruptcy court." *Spade,* 258 B.R. at 231. "[T]he motives of the parties can significantly influence the Court's evaluation of other factors and contribute to the Court's decision to dismiss under §305." *Id.* at 232.

In *Spade* the court found that the petitioning creditors filed the involuntary bankruptcy petition to gain an advantage over other creditors, and the bankruptcy petition did not benefit all creditors. *Id.* at 232-33. The court also found that the case was "little more than a two-party collections dispute" between the petitioning creditor and debtor, and that "[t]here is no need for a federal court to resolve this two-party dispute that implicates purely state law issue." *Id.* at 234, 235. Furthermore, the court found that "[b]ringing this case into bankruptcy court would only add an additional layer of expense to resolution of this two-party case." *Id.* at 236. Finally, the court found that other creditors would be prejudiced by continuation of the bankruptcy case, as they would incur additional expenses. *Id.* at 236.

In *In re ELRS Loss Mitigation, LLC,* 325 B.R. 604 (Bankr. N.D. Okla. 2005), the court actually dismissed the involuntary Chapter 7 under §303 of the Code because the alleged debtor was generally paying its debts as they came due. But the court also held, that if it were not dismissed

6

under §303, it would be dismissed under §305. The bankruptcy case was a two party dispute, and other creditors had not joined the petitioning creditor to support the bankruptcy filing. *Id.* at 634. Furthermore, a bankruptcy case would not serve the purpose of efficiency, but instead would "merely shellac this case with another layer of administrative effort and expense." *Id.* at 634-35. Finally, neither creditors nor debtor would be prejudiced by being forced to litigate the dispute in another forum. *Id.* at 635.

The court dismissed a voluntary Chapter 11 case under §1112, finding it was filed in bad faith, and also held that if the case were not dismissed under such section, abstention under §305 was warranted. The issues in the bankruptcy action were the subject of a state court action and could be dealt with more efficiently there. *In re Forest Hill Home & Memorial Park,* –B.R.–, 2007 WL 900280 at *13-14 (Bankr. E.D. Okla. Mar. 26, 2007).

Here, the Petitioners' motivation reeks of bad faith. Pursuant to §305 of the Bankruptcy Code, the interests of creditors as well as the Alleged Debtor would be better served by dismissal. The New York law suit concerns who should control the majority ownership of the Alleged Debtor. Availability of already pending proceedings in another forum and economy and efficiency of administration weigh heavily in favor of dismissing this case. The New York action is more than adequate to determine who should control the Alleged Debtor. In fact the case in New York was filed in 2006, and that court has become educated through numerous motions about the merits of Maydak/Chavarria's claims and his litigation tactics. There is no reason to burden another court with these matters which have been briefed and are already before the New York court.

The factor of prejudice to the parties also weighs in favor of dismissal of this case. Movants have already expended considerable resources in the New York action. Maydak/Chavarria have filed

7

briefs and declarations there.  Movants are from New York.  Petitioners are all out of the country and this Court finds that it is just as easy to get to New York as to Texas from Poland and Costa Rica.

In addition to the foregoing, it is obvious that these Petitioners have no intention of pursuing this involuntary.  It is a mere litigation tactic to stall, drag out and disrupt the New York litigation that  was not moving in Petitioners' favor.

None of the Petitioners bothered to appear in this Court to defend the Motion to Dismiss. Their counsel offered no response to the Motion to Dismiss other than hearsay statements and conclusory legal argument.   No information regarding the Alleged Debtors' creditors, assets, liabilities, operations, etc. was submitted..

Commencement of a case under title 11 should not create a weapon for dissident creditors to attempt to increase their negotiating leverage to the detriment of a debtor and its other creditors. This case should be dismissed under §305 of the Bankruptcy Code as it is not in the best interests of either the Alleged Debtor or creditors.

Dismissal under §707(a)

Section 707(a) provides:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
>
> unreasonable delay by the debtor that is prejudicial to creditors;
>
> nonpayment of any fees or charges required under Chapter 123 of title 28; and
>
> failure of the debtor in a voluntary case to file within fifteen days or such additional time as the court may allow after filing of the petition commencing such case, the information required by paragraph 1 of section 521, but only on a motion by the United States Trustee.

11 U.S.C. §707(a).

Any party in interest, including a non-petitioning creditor, may make a motion to dismiss under §707.  *See Jr. Food Mart of Arkansas,* 234 B.R. 420, 421-22 (Bankr. E.D. Ark. 1999); *In re McFarlane Webster Assocs.,* 121 B.R. 694, 696-97 (Bankr. S.D.N.Y. 1990).  *See also In re Marketxt Holdings Corp.* 347 B.R. 156, 160 n.4 (S.D.N.Y. 2006).

"Section 707(a) does not . . . .provide an exhaustive list of factors to be considered in determining whether good cause exists to dismiss a bankruptcy petition." *Patterson v. Atlas Supply Corp. (In the Matter of Atlas Supply Corp.),* 857 F.2d 1061, 1063 (5th Cir. 1988).  The list of examples of cause are illustrative only and though the listed examples only refer to conduct by a debtor, conduct by a petitioning creditor may also support dismissal under §707.  *In re McFarlane,* 121 B.R. at 696-97.  Section 707(a) permits "any party in interest to move the court for dismissal of the bankruptcy case on abuse constituting cause." *Id.* at 701.  In deciding whether to dismiss a case under §707, the court may consider equitable principles, and the decision lies within the discretion of the bankruptcy judge. *Atlas Supply Corp.,* 857 F.2d at 1063.

Several courts have held that a lack of good faith is cause for dismissal.  *In re Tamecki,* 229 F.3d 205 (3rd Cir. 2000); *In re Zick,* 931 F.2d 1124 (6th Cir. 1991); *In re Miller*, 263 B.R. 183 (N.D.N.Y. 2001).  However, the issue is not settled as other courts have held to the contrary.  *In re Padilla,* 222 F.3d 1184 (9th Cir. 2000); *In re Huckfeldt,* 39 F. 3d 829 (8th Cir. 1994)(holding that although courts have inherent power to dismiss bad faith litigant, §707(a) does not provide basis for dismissal on grounds of bad faith filing); *In re Etchverry,* 242 B.R. 503, 506 (D. Colo. 1999).

A finding of bad faith can be cause for dismissal of a Chapter 7 case under Bankruptcy Code §707(a) in this Circuit. *See Matter of Little Creek Development. Co.* 779 F. 2d. 1068 (5th Cir. 1986). *Little Creek* clearly set out that "every bankruptcy statute since 1898 has incorporated literally, or

9

by judicial interpretation, a standard of good faith for the commencement, prosecution and confirmation of bankruptcy proceedings. . ."  "Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their powerful equitable weapons (i.e. avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those debtors and creditors with 'clean hands.'" *Id.* at 1071-72.  It appears that by using the word "every" bankruptcy statute that such would apply to Chapter 7 cases and in particular to §707(a) as well as to the reorganization at issue in *Little Creek*.  This is also buttressed by a recent concurring opinion by the author of *Little Creek*.  Chief Circuit Judge Edith Jones expressed concern about a Chapter 7 debtor's resort to bankruptcy in *In re Barron*, 325 F. 3d 690 (5th Cir. 2003)("But what definitely should have been anticipated was the needless cost in time and administrative fees generated by [debtor's] bad faith resort to bankruptcy in the first place.  *See* 11 U.S.C. §707(a)(court may dismiss a case 'for cause')".  *Id.* at 695 (Jones, E. concurring).  *See also*, *In re Carbaugh*, 299 B.R. 395 (Bankr.N.D. Tex. 2003)(holding that in the Fifth Circuit, bad faith may be "cause" for dismissal of a Chapter 7 case).

Petitioners' counsel argued bad faith may not be grounds for dismissal  under §707(a) of the Bankruptcy Code anymore in light of the recent 2005 Bankruptcy Code amendments.  The argument appears to be that the specific inclusion of bad faith as grounds for dismissal under §707(b)(3), means that Congress intended bad faith to be raised only by parties who are permitted to file §707(b) motions against a debtor and not those bringing §707(a) motions.  *Collier on Bankruptcy. 15th Edition* ¶707.03[2].  *Collier's* position indicates that the 2005 amendments added §707(b)(3) which provides that bad faith is to be considered in deciding whether to dismiss a case under §707(b) rather than §707(a).  Section 707(b)(3) makes no reference at all to excluding bad faith as a "cause" under

10

§707(a), but merely allows a court to consider bad faith in a motion brought under §707(b).

In fact, two separate subsections govern the dismissal of bankruptcy petitions filed under Chapter 7: subsection (a) governs the dismissal of all bankruptcy filings, when adequate "cause" has been shown and subsection (b) governs the dismissal of only those bankruptcy filings involving primarily consumer debts, when granting relief would be an "abuse" of Chapter 7. 11 U.S.C. §707(a), (b).

The legislative history to the 2005 Act does not indicate that the modifications to §707(b) imply anything about the dismissal of bankruptcy cases under §707(a). As stated in the House Report, the amendments were intended to "respond to many of the factors contributing to the increase in *consumer* bankruptcy filings such as lack of personal financial accountability, the proliferation of serial filings and the absence of effective oversight to eliminate abuse in the system." H.R. Rep. No. 109-31, at 2 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 88, 89 (emphasis added). The amendments to §707(b) effectively tightened the dismissal procedures for consumer filings. There is no indication that Congress intended, contrarily, to restrict a bankruptcy court's discretion in deciding motions to dismiss under §707(a). *See, In re VII Holdings Company,* 362 B.R. 663, 666 (Bankr. D. Del. 2007)(Although this case dealt with recovery of damages for a bad faith filing of an involuntary petition, the court indicated in its opinion that it had previously dismissed the involuntary petition pursuant to §303(i), §305(a)(1), and §707(a) upon a finding that the involuntary petition was filed in bad faith and "for no other purpose than to improperly frustrate the efforts of Southbridge and Cambridge. . . .").

In *In re McFarlane* the court dismissed the involuntary Chapter 7 case because the petitioning creditor had abused the bankruptcy process. The senior mortgagee brought the motion

11

to dismiss the petition after the junior mortgagee filed an involuntary petition after consenting in writing to foreclosure on the debtor's assets. 121 B.R. 694.

For Chapter 11 cases, 11 U.S.C. §1112 provides the counterpart to 11 U.S.C. §707, allowing for dismissal for cause. Cases decided under §1112 can be instructive for §707 cases as well.

In *In re Sherwood Enterprises, Inc.,* 112 B.R. 165 (Bankr. S.D. Tex. 1989), the court held that there is cause to dismiss when a petition is filed in bad faith. 112. B.R. at 168. Among the factors that evidenced bad faith was that "the dispute is essentially a two-party dispute." *Id.* at 169. "[T]he bankruptcy filing ha[d] been used as a litigation tactic in what is essentially a two-party dispute." "Use of the bankruptcy process as a litigation tactic is abuse of the reorganization process constituting a lack of good faith in filing which warrants dismissal." *Id.* at 171.

Similarly, in *Forest Hill Funeral Home*, the court held that cause exists under §1112 for filing in bad faith. 2007 WL 900280 at *9. Quoting *In re Gunnison Cir. Apartments, LP.,* 320 B.R. 391, 399-400 (Bankr. D. Colo. 2005), the court explained bad faith is not based on any single factor, but is found when individual factors together "paint a factual picture that leads to the inescapable conclusion that use of the bankruptcy laws. . . is inappropriate." *Id.* The court examined the conduct of the debtor and found that the bankruptcy was filed in bad faith to evade other proceedings. *Id.* at *11.

As explained above in this Court's analysis of §305, a myriad of factors demonstrate that Petitioners filed this case in bad faith and therefore, it should also be dismissed pursuant to §707(a) of the Bankruptcy Code. An Order of evendate herewith shall be entered.

###

12